LYONS, JUDGE:
Claimant, Carlisle L. Hedrick, was the owner of a 1971 Volkswagen Beetle, which was totalled in an accident on Route 5 in Marshall County, West Virginia, on February 23, 1983. At the time of the incident, the vehicle was being driven by his son, Robert L. Hedrick. Carlisle L. Hedrick seeks damages in the amount of $300.00, as the fair market value of the automobile. Robert L. Hedrick seeks $424.00 for wages which he lost due to injuries sustained in the accident.
On the date of the incident, Robert L. Hedrick and a friend were driving on Route 5, a two-lane paved road. He testified that the road was narrow in places due to slippage. He stated that he had driven off the road on the right side because a car was coming in the opposite direction. As he attempted to get back onto the road, he hit a place where the berm had slipped, which caused the vehicle to overturn down an embankment. Robert Hedrick stated that he drove the road two or three times a week and had observed areas of slippage.
Christopher Minor, Assistant County Maintenance Supervisor for Marshall County, testified that there have been problems with slip *289 page on Route 5, and some have been corrected. He said that there had been no complaints about drainage on Route 5 in February 1983. Mr. Minor stated that respondent’s employees drive Route 5 approximately every two weeks to check its condition and to place signs at any dangerous spot. He added that the road is two lanes except for bridge areas, and any “deteriorated area that we felt was not safe for two vehicles to pass, we would sign it with standard hazard board markers.” He viewed photographs of the accident scene and said the road was two-laned.
The State is neither an insurer nor a guarantor of the safety of travellers on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order for the respondent to be found negligent, constructive or actual notice of the defect must be shown. Although there is no evidence of actual notice of the slippage area, respondent’s employees routinely checked the road. While there may be sufficient evidence to charge respondent with constructive notice, the Court is of the opinion that the driver was guilty of negligence in leaving the travelled portion of the road, when there appeared to be sufficient room for two vehicles to pass. This negligence was equal to or greater than any negligence of respondent, and based on the doctrine of comparative negligence, the Court denies the claim.
Claim disallowed.