WALLACE, JUDGE:
This claim was originally filed in the name of Clyde McPherson, Administrator of the Estate of Lossie J. McPherson, deceased, and Clyde McPherson, individually. At the hearing, counsel for the claimant informed the Court that Clyde McPherson is now deceased, and counsel requested that the style be amended to reflect Everett C. McPherson as Administrator of the Estate of Clyde McPherson, deceased and Everett C. McPherson as Administrator DBN of the Estate of Lossie J. McPherson. The Court so amended the style of the claim.
The decedents were husband and wife. On June 4, 1978, Clyde and Lossie McPherson had been visiting at the home of their son, Everett C. McPherson, when they left their son’s home at 3:00 to 3:30 p.m. to return to their home in Nitro, West Virginia, they proceeded on Manilla Ridge Road, also known as State Route 5, in Putnam County. Clyde McPherson was operating his 1978 Blazer and Lossie McPherson was a passenger. The weather was clear and the road was dry. the McPherson vehicle was being approached by an Oldsmobile in the opposite lane which was operated by Stephen Lazear. The McPherson vehicle went onto the berm and then dropped off an embankment, whereupon it rolled into pastureland. Lossie J. McPherson died as a result of the accident. Clyde McPherson was injured. He was taken by ambulance to Thomas Memorial Hospital where he remained for four days. This claim is for the alleged damages in the amount of $325,000.00.
Claimant alleges that this accident occurred due to the failure of respondent to maintain the berm and shoulder area of Manilla Ridge Road in a proper manner. Claimant asserts that the term consisted of fly ash material which was unstable and gave way when the McPherson vehicle was driven onto the berm in an attempt to provide room for the approaching vehicle to safety pass.
Testimony in the claim revealed that the paved portion of Manilla Ridge Road at the point of this accident was approximately 15 feet in width, the berm was 18 to 20 inches in width and consisted of fly ash material and tar. There were weeks and grass growing beside the berm area. A crop-off from the berm of approximately 10 feet led to pastureland below.
The witnesses to the accident testified that the driver of the McPherson vehicle appeared to drive the vehicle onto the berm and then the vehicle went over the drop-off and rolled into the pastureland. The reason for the action taken by the driver was not established through the testimony of the witnesses.
*33 . The testimony also revealed that the respondent had not received any complaints concerning problems that travelers of Manilla Ridge road may have had with the berm at the location of the accident, which is the subject matter of this claim.
From all of the evidence presented to the Court in this claim, the Court is unable to ascertain the reason for Clyde McPherson to drive.his vehicle onto the berm at the accident site. The paved portion of the road was wide enough for two vehicles to pass. This Court has held that it will not resort to speculation in determining liability of the respondent. The Court has also held that a traveler on the State’s highways travels at his own risk and uses the berm at his own risk. See: Sweda vs. Dept. of Highways, 13 Ct.Cl.249 (1980); Hedrick vs. Dept of Highways, 15 Ct. Cl. 288 (1985); and Cole vs. Dept. of Highways, CC-82-292, Jan. 17, 1986.
The Court has been unable to determine negligence on the part of the respondent in the maintenance of the berm on Manilla Ridge Road. Whether the berm gave way or whether the driver of the vehicle drove off the berm has not been established by the evidence herein.
Therefore, the Court finds in the claim that there was no apparent reason for the McPherson vehicle to veer onto the berm of Manilla Ridge Road. In accordance with prior decisions of this Court, the claim must be denied.
Claim disallowed.